**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:  17-cv-02296

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

    v.

MICHAEL S. MOSES, and
MOSES INVESTMENT COMPANY, LLC,

    Defendants.

_____

## DEFAULT JUDGMENT

    The Court having considered the motion of plaintiff, Securities and Exchange Commission, for default judgment against Michael S. Moses ("Moses") and Moses Investment Company, LLC ("MIC") pursuant to Fed. R. Civ. P. 55, and having considered the well-pleaded allegations of the complaint as admitted for the purposes of entry of this default judgment, makes the following findings:

    1. This action was commenced on September 22, 2017 by the filing of a complaint;

    2. Moses was personally served with the summons and complaint;

    3. MIC was served, through its registered agent, with the summons and complaint;

    4. neither defendant has answered the complaint and the time for answering has expired;

    5. a Clerk's Entry of Default was entered against Moses and MIC on November

1, 2017;

6. this Court has jurisdiction over Moses, a resident of this district, and MIC, a Colorado limited liability company located in this District;

7. this Court has jurisdiction over this this action pursuant to Sections 20(b), 20(d), and 22 of the Securities Act of 1933 [15 U.S.C. §§ 77t(b), 77t(d), and 77v(a)], Sections 21(d), 21(e), and 27 of the Securities Exchange Act of 1934 [15 U.S.C. §§ 78u(d), 78u(e), and 78aa], and Section 209(d) of the Investment Advisers Act of 1940 [15 U.S.C. §§ 80b-9(d) and 80b-14];

8. venue lies in this Court pursuant to 28 U.S.C. § 1391(b), Section 22 of the Securities Act [15 U.S.C. § 77v], Section 27 of the Exchange Act [15 U.S.C. § 78aa], and Section 214 of the Advisers Act [15 U.S.C. § 80b-14];

9. Moses and MIC have committed the violations alleged in the Commission's complaint;

10. based on Moses's level of scienter, egregiousness of violations, and failure to offer assurances against future violations, there is a reasonable likelihood that, unless enjoined, Moses may engage in future violations of the securities laws;

11. based on MIC's level of scienter, egregiousness of violations, and failure to offer assurances against future violations, there is a reasonable likelihood that, unless enjoined, MIC may engage in future violations of the securities laws;

12. Moses and MIC received ill-gotten gains in the amount of $15,402 as the result of their fraud;

13. no hearing is necessary to determine the amount of disgorgement because the appropriate amount of ill-gotten gains obtained by Moses and MIC is readily

determinable through declarations and other documentary evidence;

14. it is appropriate to asses prejudgment interest on defendants' disgorgement to ensure that they do not profit from illegal conduct and it is appropriate to use the IRS rates for underpayment to calculate prejudgment interest;

15. prejudgment interest on $15,402 from May 31, 2015, the date by which Moses and MIC ceased trading, is $1,529;

16. Moses's and MIC's violations involved fraud and deceit and resulted in substantial investor losses.

ACCORDINGLY:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Moses, MIC, and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a)(2) of the Securities Act [15 U.S.C. § 77q(a)(2)] by, in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly obtaining money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Moses and MIC and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by

personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5(b) promulgated thereunder [17 C.F.R. § 240.10b-5(b)], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Moses and MIC and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-8(a)(1) thereunder [17 C.F.R. § 275.206(4)-8] by using the mails or any means or instrumentality of interstate commerce, directly or indirectly, while acting as an investment adviser to a pooled investment, with respect to investors and prospective investors in the pooled investment, to make untrue statements of material fact or omit to state material facts necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Moses and MIC are jointly and severally liable for disgorgement of $15,402 representing gain

as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $1,529, for a total of $16,931.  Defendants shall satisfy this obligation by paying this amount to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Moses shall pay a civil penalty in the amount of $100,000 to the Securities and Exchange Commission pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)].  Moses shall make this payment within 14 days after entry of this Final Judgment.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that MIC shall pay a civil penalty in the amount of $100,000 to the Securities and Exchange Commission pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)].  MIC shall make this payment within 14 days after entry of this Final Judgment.

VII.

Defendants may transmit the payments ordered above electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>Enterprise Services Center
>Accounts Receivable Branch
>6500 South MacArthur Boulevard
>Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; the defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making these payments, defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to any defendant.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Defendants shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of any Final Judgment.

Dated:  January 17, 2018

_____
HONORABLE R. BROOKE JACKSON
United States District Judge